IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| APRIL M. DODGE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CDW GOVERNMENT, INC., )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:09-cv-528-AJT/IDD |

## MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

Defendant CDW Government, Inc. ("CDW-G"), hereby moves the Court to dismiss the Complaint filed in this action by Plaintiff April M. Dodge ("Ms. Dodge") for failure to state a claim on grounds of vagueness. *See* Fed. R. Civ. P. 12(b)(6). In the alternative, Ms. Dodge should be required to provide a more definite statement of the allegations in her Complaint or suffer dismissal of her claims for failure to do so. *See* Fed. R. Civ. P. 12(e).

### INTRODUCTION

Ms. Dodge, a former account manager in CDW-G's sales department, claims in a Complaint filed in Fairfax County Circuit Court on May 16, 2008,[1] that CDW-G violated the terms of a written employment contract by paying her a 10% commission, rather than the 19% commission she allegedly deserved, on two sales contracts with the Defense Contract Management Agency in September 2004. *See* Complaint at ¶¶ 34-43 (attached as Exhibit 1 to

---

[1] Ms. Dodge did not serve her Complaint on CDW-G until April 24, 2009. *See* Summons (attached as Exhibit 2 to Notice of Removal, Dkt. No. 1). On May 12, 2009, CDW-G removed Ms. Dodge's action to this Court. *See* Notice of Removal (Dkt. No. 1).

Notice of Removal, Dkt. No. 1). Ms. Dodge claims that this written employment contract was embodied in "various documents promulgated by CDW-G, [and] given directly to her at the time [her] employment began." *Id.* at ¶ 6. However, because Ms. Dodge has failed to attach, quote or provide any specific reference to the "various documents" that allegedly comprise her written employment contract, CDW-G is unable to intelligently assess its potential defenses. For these reasons, Ms. Dodge's Complaint should be dismissed in its entirety on grounds of vagueness.

## STATEMENT OF FACTS

CDW-G is a provider of technology products and services to the federal government and state governments. *See generally,* Complaint. In February 2003, Ms. Dodge was hired as an at-will employee in the sales department of CDW-G's Herndon, Virginia office. *Id.* at ¶¶ 1, 5. Her primary job responsibilities included "arranging to fulfill the needs of the federal government for technology products by negotiating with suppliers and submitting bids to particular government agencies." *Id*. at ¶ 7. Ms. Dodge alleges that her "pay structure was set by various documents promulgated by CDW-G, given directly to her at the time employment began." *Id*. at ¶ 6. The Complaint does not purport to attach, quote or in any way cite specific provisions of the "various documents" referenced in paragraph 6 of the Complaint. Nevertheless, Ms. Dodge alleges that these "various documents" referenced in paragraph 6 of the Complaint form the basis for her vague allegations that CDW-G breached its "employment contract" by paying her a 10% commission, rather than the 19% commission she allegedly deserved, on two sales contracts with the Defense Contract Management Agency in September 2004. *Id.* at ¶¶ 3, 8-33. Specifically, Ms. Dodge alleges in Count I of her Complaint that in November 2004, CDW-G unjustifiably withheld $24,535.80 in commissions that she was due under her alleged "employment contract." *Id*. at ¶¶ 35-38. Additionally, in Count II, she alleges that in May-July, 2005, CDW-G

unjustifiably withheld $76,688.73 that she was due under the same alleged "employment contract." *Id*. at ¶¶ 40-43. Due to CDW-G's multiple breaches of this alleged contract, Ms. Dodge claims to be owed $101,224.53, plus attorney's fees. *Id*. at p. 7 (Prayer for Relief).

**ARGUMENT**

To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). Moreover, the court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.,* 444 F.3d 312, 319 (4th Cir. 2006) (internal quotation marks omitted).

**I.     Ms. Dodge's Vague References to an "Employment Contract" Fail to State a Claim**

To allege a cause of action for breach of contract, a plaintiff must allege five elements: (1) existence of a duly executed and enforceable agreement, (2) performance or an offer to perform by plaintiff, (3) failure by defendant to perform or some other breach, (4) that the breach caused the actual damages sustained by plaintiff, and (5) that the damages are recoverable under Virginia law. *Compel v. Citi Mortg. Inc*., No. 1:04-CV-01377-LMB, 2005 WL 4904816, at *2 (E.D. Va. Feb. 23, 2005) (dismissing breach of contract claim on grounds of vagueness for plaintiff's failure to allege which contractual provision or obligation was breached). "To allege that [a] defendant failed to perform obligations imposed by [a] contract, [a] plaintiff cannot rely upon conclusory statements but must identify which provisions imposed the purportedly breached obligation. The absence of such detail prejudices [the] defendant's understanding of the defenses available to it and how it should proceed." *Id*. Additionally, "[i]n order to be

binding, an agreement must be definite and certain as to its terms and requirements; it must identify the subject matter and spell out the essential commitments and agreements with respect thereto." *Dodge v. Trustees of Randolph-Macon Woman's College*, 276 Va. 1, 5 (2008) (affirming dismissal of a complaint which referenced numerous documents, none of which contained the clear, definite, and specific promises allegedly breached by the defendant) (citation omitted). Hence, "[a] contract is not valid and it is unenforceable if the terms of the contract are not established with reasonable certainty." *Id*. at 6.

In this case, Ms. Dodge alleges that CDW-G violated the terms of a written contract that allegedly existed between the parties based on the "various documents promulgated by CDW-G, [and] given directly to her at the time [her] employment began." *See* Complaint, at ¶ 6. Despite this allegation, Ms. Dodge has not attached these documents to her Complaint, quoted any provisions from them, referenced the documents by title or date, or even so much as indicated who at CDW-G allegedly gave her these documents over six years ago. Accordingly, even assuming, as it must under Rule 12, that these "various documents" exist, CDW-G is unable to identify or reasonably ascertain the terms of the documents upon which Ms. Dodge bases her claims and, therefore, cannot begin to intelligently assess its potential defenses. For example, the documents may contradict Ms. Dodge's allegations or otherwise raise defenses that defeat Ms. Dodge's claims. *See e.g., Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991) (in the event of a conflict between the bare allegations of the complaint and a written contract, the contract prevails); *Westbury Coal Min. Partnership v. J.S. & K. Coal Corp.*, 233 Va. 226, 229 (1987) ("The pole star for the construction of a contract is the intention of the contracting parties *as expressed by them in the words they have used*....") (emphasis in original). The documents also may contain provisions that might impact choice of law or venue

issues. The documents also likely would further shed light on the viability of Ms. Dodge's claim for attorney's fees. However, CDW-G is simply unable to assess the propriety of the claims or its potential defenses because Ms. Dodge failed to attach, quote or in any way reference any specific contractual provisions.

As this Court has noted, defendants have the "right to test swiftly the legal soundness of the charges made against them." *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995). To permit a complaint to be pled in such a manner that the terms of an alleged contract cannot even be identified by the defendant and used in a potential motion to dismiss "would risk permitting 'a plaintiff with a legally deficient claim [to] survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied.'" *Id.* (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)); *cf. Culpeper Nat'l Bank v. Morris,* 168 Va. 379, 382 (1937) ("[n]o intelligent construction of any writing or record can be made unless all of the essential parts of such paper or record are produced."). Accordingly, Ms. Dodge's Complaint should be dismissed in its entirety on grounds of vagueness for failure to state a claim upon which relief can be granted.

**II.     In the Alternative, Ms. Dodge Should be Required to File a More Definite Statement of Her Claims**

Federal Rule of Civil Procedure 12(e) provides that where a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the party may move for a more definite statement. *See* Fed. R. Civ. P. 12(e). In the event the Court determines that Ms. Dodge has satisfied the pleading standard set forth in Rule 8, which CDW-G respectfully contends she has not, she should be required, at the very least, to provide a more definite statement of her claims. Therefore, in order for CDW-G to prepare a meaningful and

reasoned response to her Complaint, within ten days of this Court's order Ms. Dodge should be required to specifically identify which documents "given directly to her at the time [her] employment began" contain the contractual obligations that she contends have been breached and which specific provisions therein she is relying on for her requested relief.  *See* Complaint at ¶ 6.  If Ms. Dodge fails to comply with such an order, her Complaint should be dismissed in its entirety.  *See* Fed. R. Civ. P. 12(e).

## CONCLUSION

For the reasons stated, CDW-G respectfully requests that the Court dismiss Ms. Dodge's Complaint in its entirety, or alternatively, require Ms. Dodge to submit a more definite statement of her claims.

DATED this 14th day of May, 2009.

                                    Respectfully submitted,

                                    By_____/s/_____
                                        John K. Roche (VSB# 68594)
                                        Perkins Coie, LLP
                                        607 Fourteenth Street N.W., Suite 800
                                        Washington D.C.  20005-2003
                                        Phone:  202-434-1627
                                        Fax:  202-654-9106
                                        JRoche@perkinscoie.com

                                    Attorney for CDW Government, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Paul A. Prados
Cuccinelli & Day, PLLC
10560 Main St., Ste. LL-17
Fairfax, VA  22030
703-268-5600
703-268-5602 (facsimile)
pprados@cuccinelliday.com

Attorney for Plaintiff April M. Dodge

                                                    By _____/s/_____
John K. Roche (VSB# 68594)
Perkins Coie, LLP
607 Fourteenth Street N.W., Suite 800
Washington D.C.  20005-2003
Phone:  202-434-1627
Fax:  202-654-9106
JRoche@perkinscoie.com

Attorney for CDW Government, Inc.