IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| APRIL M. DODGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:09cv528 (AJT/IDD) |
| | ) |
| CDW GOVERNMENT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, Defendant's Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e). For the reasons set forth below and for the reasons stated in open court, Defendant's motion is denied.

## I. BACKGROUND

Plaintiff, April M. Dodge, filed her Complaint in this matter on May 16, 2008, in the Fairfax County Circuit Court. In her Complaint, Ms. Dodge alleges that she was an employee of Defendant CDW Government, Inc. ("CDW-G"). Compl. at ¶ 1. The Complaint asserts two causes of action against CDW-G: (1) Breach of Contract – Blackberry Agreement and (2) Breach of Contract – Monitor Agreement. *Id.* at ¶¶ 34-43. The allegations in the Complaint are as follows:

Ms. Dodge began working as an account manager in the sales department at CDW-G pursuant to an at-will employment contract on or about February 23, 2003. *Id.* at ¶ 5. Her job responsibilities included arranging to fulfill the federal government's needs for technology

products by negotiating with suppliers and submitting bids to government agencies. *Id.* at ¶ 7. Ms. Dodge was compensated with a base salary plus commission based on monthly sales profits. *Id.* at ¶ 8. During the course of her employment, Ms. Dodge was paid commissions based on how much of the monthly sales profit target she met or exceeded. *Id.* at ¶ 13. The maximum commission rate was 19.00% of adjusted gross profit. *Id.*

On or about September 30, 2004, Ms. Dodge secured a $1.6 million contract with the Defense Contract Management Agency ("DCMA") for the sale of BlackBerry devices (the "BlackBerry Agreement"). *Id.* at ¶ 15. On or about September 30, 2004, Ms. Dodge secured a second $2.56 million contract with DCMA for the sale of computer monitors (the "Monitor Agreement"). *Id.* at ¶ 16. This contract was modified on or about March 28, 2005 to include $80,000.00 in additional goods. *Id.* These were the two largest contracts Ms. Dodge had secured while at CDW-G. *Id.* at ¶ 17.

In December 2004, prior to payment of any commission for the BlackBerry Agreement, Ms. Dodge alleges that she was called into her supervisor's office and informed for the first time that there was a company policy that for all contracts in excess of $2.5 million, commissions are limited to 10% of the adjusted gross profit. *Id.* at ¶ 18. A draft version of a proposed policy limiting commissions to 10% was sent to Ms. Dodge at some point after this conversation. *Id.* at ¶ 19. Ms. Dodge objected to the imposition of an artificial cap of 10% on her commissions. *Id.* at ¶¶ 20, 22.

The BlackBerry devices under the BlackBerry Agreement shipped and were invoiced in November 2004. *Id.* at ¶ 23. CDW-G paid Ms. Dodge approximately $27,262.00 in her December 2004 paycheck for commissions based on November 2004 sales, or 10% of the adjusted gross profit for November 2004. *Id.* at ¶ 25. Ms. Dodge was also paid for commissions

other than for the BlackBerry Agreement in her December paycheck that were also reduced to 10% of adjusted gross profit. *Id.* at ¶ 26.

Shipping and invoicing under the Monitor Agreement began in April 2005. *Id.* at ¶ 27. Ms. Dodge received commissions for the months in which items were invoiced under the Monitor Agreement in May, June and July 2005. *Id.* at ¶ 28. Based on the sales targets for those months, Ms. Dodge alleges that she should have received a commission percentage of 19% of adjusted gross profit. *Id.* at ¶ 29. CDW-G paid Ms. Dodge commissions slightly less than 10% of the adjusted gross profit for April, May and June 2005 in her May, June and July 2005 paychecks, respectively. *Id.* at ¶¶ 30-32. Ms. Dodge was also paid commissions other than for the Monitor Agreement in her May, June and July paychecks, and these were artificially reduced to slightly less than 10% of adjusted gross profit as well. *Id.* at ¶ 33.

In Count 1 – Breach of Contract – Blackberry Agreement, Ms. Dodge alleges that she performed the necessary acts to obtain a commission for the BlackBerry Agreement, that her sales warranted a 19% commission, and that she was paid slightly less than a flat 10% rate. *Id.* at ¶¶ 35-36. Accordingly, Ms. Dodge alleges that CDW-G breached the employment contract by failing to pay her the full commission as stated in the commission schedules and that she has lost $24,535.80 as a result. *Id.* at ¶¶ 37-38.

In Count 2 – Breach of Contract – Monitor Agreement, Ms. Dodge alleges that she performed the necessary acts to obtain a commission for the Monitor Agreement, that her sales warranted a 19% commission, and that she was paid slightly less than a flat 10% rate. *Id.* at ¶¶ 40-41. Accordingly, Ms. Dodge alleges that CDW-G breached the employment contract by failing to pay her the full commission as stated in the commission schedules and that she has lost $76,688.73 as a result. *Id.* at ¶¶ 42-43.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and does not resolve contests surrounding the facts or merits of a claim. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1994). A claim should be dismissed "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *see also Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001). In considering a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*; *see also Bd. of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 475 (E.D. Va. 2007). In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Nevertheless, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the complaint "must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face"); *see also Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Rule 12(e) of the Federal Rules of Civil Procedure authorizes a party to move for a more definite statement in a pleading if it is "so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1377 (3d ed. 2004) ("it is universally assumed that

inasmuch as the motion is proper when the pleading to which it is addressed is so vague that it cannot be responded to, the only information obtainable is that which is necessary to frame a responsive pleading"). The purpose of a more definite statement is "to require a pleader to state with definiteness what he first stated vaguely, even if simply and concisely." *Walling v. West Virginia Pulp & Paper Co.*, 2 F.R.D. 416, 419 (D.D.C. 1942). Rule 12(e), however, "must be read in conjunction with Rule 8, which establishes the general rules for pleadings." *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973). It is within the Court's discretion whether "a limited expansion of a complaint" is appropriate under Rule 12(e). *Id.* at 824.

The Court has discretion to treat vague pleadings under either Rule 12(b)(6) or Rule 12(e). *See* 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1376 ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated."). A pleading that can survive a Rule 12(e) motion, however, necessarily can withstand a motion to dismiss under Rule 12(b)(6). *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 n.3 (4th Cir. 2005) (citing C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1376 (noting that to survive a Rule 12(e) motion, a "pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss")).

### III. ANALYSIS

CDW-G argues that "because Ms. Dodge has failed to attach, quote or provide any specific reference to the 'various documents' that allegedly comprise her written employment contract, CDW-G is unable to intelligently assess its potential defenses" and the Complaint should be dismissed in its entirety on grounds of vagueness. Def.'s Mot. and Mem. in Supp. at 2

(Doc. No. 3).  In the alternative, Defendant requests that the Court order Ms. Dodge to specifically identify which documents contain the contractual obligations she contends have been breached.  *Id.* at 6.  In opposition, Ms. Dodge contends that the Complaint alleges sufficient facts to put the Defendants on notice of the nature and substance of Plaintiff's claims.  Pl.'s Mem. in Opp. at 4 (Doc. No. 6).  Specifically, Ms. Dodge argues that her Complaint adequately alleges a breach with regard to the payment of commissions under her at-will employment contract.  *Id.*

Under Virginia law, "[t]he essential elements of a cause of action for breach of contract are:  (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that right or duty, and (3) a consequential injury or damage to the plaintiff."  *Albanese v. WCI Communities, Inc.*, 530 F. Supp. 2d 757, 760 (E.D. Va. 2007 ) (quoting *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 379 S.E.2d 316, 317 (Va. 1989)); *see also Tessler v. NBC Universal, Inc.*, No. 2:08-cv-234, 2009 WL 866834, at *6 (E.D. Va. Mar. 31, 2009) ("the essential elements to plead a cause of action for breach of contract are as follows:  (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage").

In her Complaint, Ms. Dodge alleged employment relationship with Defendant CDW-G pursuant to an at-will employment contract.  Compl. at ¶¶ 1, 5.  She further alleged that under the terms of her employment agreement with CDW-G, she was to be compensated with a base salary plus commission.  *Id.* at ¶ 8.  Ms. Dodge alleges that the maximum commission rate was 19% and that she was provided written commission schedules from time to time.  *Id.* at ¶¶ 13-14.  In support of her two breach of contract claims, Ms. Dodge specifically alleges the two DCMA contracts at issue, that she performed the necessary acts to obtain a commission, that CDG-W failed to pay her full commission, that she was damaged as a result, and the amount of the

alleged outstanding commissions. *See id.* at ¶¶ 34-43.  On the face of the Complaint, these allegations are sufficient to state a claim for breach of contract.

At the pleading stage, "the material allegations of the complaint are taken as admitted." *Jenkins*, 395 U.S. at 421.  Thus, the allegation that a contract existed is sufficient to allege the existence of the contract.  An otherwise valid claim does not fail simply because Plaintiff did not attach a document to its complaint. *See Enviro Management & Research, Inc. v. VMAC Corp.*, No. 1:08cv1239, 2009 WL 111602, at *2 (E.D. Va. Jan. 14, 2009) ("VMAC states that the breach of subcontract cause of action would be subject to a motion to dismiss because EMR refers to a 'subcontract' between it and the Joint Venture but does not attach this document to its Amended Complaint.  At the pleading stage, however, the allegation that the parties acted pursuant to a valid subcontract is sufficient to allege the existence of the contract.").

When a complaint conforms to Rule 8(a), discovery provides an adequate means for ascertaining the facts in maturing a case for trial. *Hodgson*, 482 F.2d at 824 ("Rule 8(b) would permit [Defendant] to plead that it lacked sufficient information to form a belief as to the truth of the allegations . . . [I]f [Defendant] wanted to discover the facts on which the [Plaintiff] based his claim, it could use the discovery devices of Rules 26 to 37.").  Moreover, in an employment dispute such as this, employment documents often in the hands of the employer will come out in discovery.  They need not necessarily be attached or quoted in the complaint if they can be obtained during the discovery process and are unnecessary to "frame a response to the Plaintiff's complaint." *Blizzard v. Dalton*, 876 F. Supp. 95, 100 (E.D. Va. 1995); *see also Frederick v. Koziol*, 727 F. Sup. 1019, 1020-21 (E.D. Va. 1990) ("where the information sought by the movant is available or properly sought through discovery, the motion [for a more definite statement] should be denied").

7

Requiring a more definite statement in this case is also inappropriate as a practical matter. At oral argument, Plaintiff argued that as a former employee, she may not be in possession of all the documents that form the basis of or support her claims and that she will need to pursue discovery for that purpose. Requiring Plaintiff to identify these documents, as part of her initial pleadings through a more definite statement, promises only to generate more issues as to Plaintiff's ability to comply with such an order and the adequacy of whatever response she would make. The net result would be to unnecessarily bog down these proceedings since the identification of the contract documents at issue, as well as the documents themselves, can be most expeditiously obtained through discrete, focused interrogatories and document requests.

Plaintiff's Complaint is sufficient to state a claim under Rule 8 and *Bell Atlantic Corp. v. Twombly* and the Court does not find Plaintiff's Complaint "impermissibly vague." Plaintiff's Complaint therefore is sufficient to allow Defendant to respond. To the extent that Defendant lacks information sufficient to form a belief as to the truth of an allegation, it may state so pursuant to Fed. R. Civ. P. 8(b)(5).

## IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim on grounds of vagueness and, alternatively, Defendant's motion for a more definite statement pursuant to Rule 12(e) are denied.

An appropriate Order will issue.

/s/

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
June 5, 2009